**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
ABIDUR RAHMAN, *on behalf of himself and*     Case No.
*FLSA Collective Plaintiffs,*

                Plaintiffs,     **COLLECTIVE ACTION**
                     **COMPLAINT**
   -against-
                     **Jury Trial Demanded**
SAMB INC. d/b/a Subway,
ABDUL KALAM and SHAHJIAR KABEZ,

                Defendants.
-----------------------------------------------------------X

Plaintiff Abidur Rahman ("Rahman" or "Plaintiff") alleges on behalf of himself and FLSA Collective Plaintiffs, against SAMB Inc. d/b/a Subway ("Subway" or the "Company"), Abdul Kalam ("Kalam") and Shahjiar Kabez ("Kabez") (collectively, "Defendants"), upon information and belief, as follows:

## NATURE OF THE CLAIMS

1. Rahman was employed at a Subway franchise restaurant as a non-exempt employee from approximately August 20, 2019 to January 28, 2020. Rahman was only paid $3.00 or $4.00 per hour solely in cash during his employment, well below the minimum wage.

2. Further, despite often working in excess of forty hours per week and ten hours per day, Rahman was not paid overtime or any spread-of-hours pay.

3. Additionally, Defendants committed statutory wage violations, by failing to provide Rahman with a wage statement or a wage notice.

4. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA") that he and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime, (3) liquidated damages and

1

(4) attorneys' fees and costs.

5. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL") that he and others similarly situated, are entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime, (3) unpaid spread-of-hours premium, (4) statutory penalties for wage notice violations, (5) statutory penalties for wage statement violations, (6) liquidated damages and (7) attorneys' fees and costs.

6. Plaintiff also sets forth a claim for civil damages for the fraudulent filing of information returns pursuant to 26 U.S.C. § 7434(a).

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs state law claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this district.

9. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

10. Plaintiff Abidur Rahman ("Rahman") was and is a resident of Kings County, New York.

11. Defendant SAMB Inc. d/b/a Subway ("Subway" or the "Company") was and is a domestic business corporation existing under the laws of the State of New York.

12. Subway was and is duly authorized to conduct business in the State of New York.

13. SAMB Inc. was and is Subway franchise restaurant – Subway store #40614-0.

14. Subway was and is located at 3559 Broadway, New York NY 10031.

15. At all times relevant to this action, Subway has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.00.

16. Defendant Abdul Kalam ("Kalam"), upon information and belief, was and is a resident of the State of New York.

17. At all times relevant to this action, Kalam was and is an Owner of Subway.

18. Kalam exercised control over the employment terms and conditions of the Plaintiff and FLSA Collective Plaintiffs. Kalam had and exercised the power and authority to (i) fire and hire, (ii) determine the rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of the Plaintiff and the FLSA Collective Plaintiffs. At all times, employees could complain to Kalam directly regarding any of the terms of their employment, and Kalam would have the authority to effect any changes to the quality and terms of employees' employment. Kalam exercised functional control over the business and financial operations of the Defendants.

19. Defendant Shahjiar Kabez ("Kabez"), upon information and belief, was and is a resident of the State of New York.

20. At all times relevant to this action, Kabez was and is an Owner of Subway.

21. At all times relevant to this action, Kabez was a Manager of Subway.

22. Kabez exercised control over the employment terms and conditions of the Plaintiff and FLSA Collective Plaintiffs. Kabez had and exercised the power and authority to (i) fire and hire, (ii) determine the rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of the Plaintiff and FLSA Collective Plaintiffs. At all times, employees could complain to Kabez directly regarding any of the

terms of their employment, and Kabez would have the authority to effect any changes to the quality and terms of employees' employment. Kabez exercised functional control over the business and financial operations of the Defendants.

23. The acts of the Defendants charged in this Complaint were authorized, directed or accomplished by Kalam and Kabez, individually, by themselves or their agents, officers, employees or representatives, while actively engaged in the management of the Defendants' businesses.

24. At all relevant times, Subway was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and the NYLL and the regulations thereunder.

25. At all relevant times, the work performed by the Plaintiff and the FLSA Collective Plaintiffs was directly essential to the businesses operated by the Defendants.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

26. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including deli workers and cashiers, employed by Defendants on or after the date that is three years before the filing of the Complaint in this case as defined herein (the "Class period").

27. At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices and procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them minimum wage and overtime compensation at the rate of one and one half times the regular hourly rate for work in excess of forty (40) hours per

workweek.  The claims of the Plaintiff stated herein is essentially the same as those of the FLSA Collective Plaintiffs.

28. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided to the FLSA Collective Plaintiffs via first class mail for the last address known to Defendants.

## STATEMENT OF FACTS

29. From approximately August 20, 2019 to January 28, 2020, Rahman was employed on a full-time basis by the Defendants.

30. Rahman was a non-exempt employee.

31. Rahman's primary job responsibility was to make sandwiches at the Subway franchise restaurant.

32. Rahman worked at the Subway store # 40614-0 located at 3559 Broadway, New York NY 10031.

33. The Defendants did not provide a wage notice to Rahman upon his hire.

34. The Defendants did not provide a wage notice to Rahman annually.

35. During the first two weeks of his employment, Rahman was paid $3.00 per hour.

36. From the third week of his employment to his termination, Rahman was paid $4.00 per hour.

37. Defendants failed to pay Rahman minimum wage.

38. Defendants failed to pay Plaintiff and the FLSA Collective Plaintiffs minimum wage.

39. Rahman was paid solely in cash.
40. Defendants failed to provide Rahman with a wage statement with each payment he received.
41. During Rahman's employment with the Defendants, Rahman worked in excess of forty (40) hours per week.
42. By way of example, during the week of September 25, 2019 to October 1, 2019, Rahman worked 59.59 hours.
43. During the week of October 2, 2019 to October 8, 2019, Rahman worked 59.47 hours (including 12.53 hours on October 3, 2019 and 11.18 hours on October 6, 2019).
44. During Rahman's employment with Defendants, Rahman would also work in excess of ten hours per day.
45. Although Rahman worked over forty hours per week, Defendants failed to pay Rahman overtime.
46. Although Rahman worked daily shifts in excess of ten hours, Defendants failed to pay Rahman spread-of-hours.
47. Although the Plaintiff and FLSA Collective Plaintiffs worked over forty hours per week, Defendants did not pay them overtime.
48. Defendants knowingly and willfully operated their business with a policy of not paying minimum wage to the Plaintiff and FLSA Collective Plaintiffs.
49. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiff and FLSA Collective Plaintiffs.
50. Defendants knowingly and willfully operated their business with a policy of not paying

the New York State spread of hours premium to the Plaintiff.

51. Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notices to the Plaintiff, at the beginning of his employment and annually thereafter, in violation of the NYLL.

52. The Plaintiff retained Akin Law Group PLLC to represent the Plaintiff and the FLSA Collective Plaintiffs, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## FIRST CAUSE OF ACTION
## FLSA – UNPAID MINIMUM WAGE

53. Plaintiff, on behalf of himself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

54. By failing to pay Plaintiff and the FLSA Collective Members the proper minimum wage rate, Defendants have violated 29 U.S.C. §§ 201 *et seq.*

55. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA.

56. Defendants' failure to pay minimum wage caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon.  Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid minimum wage, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
## NYLL – UNPAID MINIMUM WAGE

57. Plaintiff, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

58. By failing to pay minimum wage, Defendants have violated and continue to violate the NYLL, including NYLL § 652.

59. The foregoing conduct, as alleged, constitutes a willful violation of the NYLL within the meaning of NYLL § 663.

60. Defendants' failure to pay minimum wage caused Plaintiff to suffer loss of wages and interest thereon. Plaintiff is entitled to recover from Defendants his unpaid minimum wage, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

### THIRD CAUSE OF ACTION
### FLSA – UNPAID OVERTIME

61. Plaintiff, on behalf of himself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

62. By failing to pay overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

63. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

64. Defendants' failure to pay overtime caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable

attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## FOURTH CAUSE OF ACTION
## NYLL – UNPAID OVERTIME

65. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

66. Defendants willfully violated the Plaintiff's rights by failing to pay overtime compensation at a rate of not less than one and one-half times the regular rate of pay for hours worked in excess of 40 each week, in violation of the NYLL and regulations promulgated thereunder.

67. Defendants' failure to pay overtime premium compensation caused the Plaintiff to suffer loss of wages and interest thereon. Plaintiff is entitled to recover from the Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

## FIFTH CAUSE OF ACTION
## NYLL – UNPAID SPREAD-OF-HOURS

68. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

69. Defendants willfully violated the Plaintiff's rights by failing to pay compensation in an amount equal to one hour's pay at the relevant minimum wage in all instances where he worked either a split shift or more than 10 hours per day, in violation of the NYLL §§ 650, *et seq.*, and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. Tit. 12, §§ 137-1.7 (2010), 146-1.6 (2012).

70. Defendants' failure to pay spread-of hours compensation caused the Plaintiff to suffer

loss of wages and interest thereon. Plaintiff is entitled to recover from Defendants his unpaid spread-of-hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

## SIXTH CAUSE OF ACTION
## NYLL – FAILURE TO PROVIDE WAGE NOTICE

71. Plaintiff, on behalf of himself, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

72. Defendants have willfully failed to supply the Plaintiff with a wage notice as required by NYLL, Article 6, § 195(1), at the time of hiring or annually, containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission other; the regular pay day designated by the employer; the name of the employer; the physical address of the employer and the telephone number of the employer.

73. Due to the Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants fifty dollars for each workday that the violations occurred or continue to occur, up to a maximum of $5,000.00 per employee, as provided for by NYLL, Article 6 §§ 190 *et seq.*, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## SEVENTH CAUSE OF ACTION
## NYLL – FAILURE TO PROVIDE WAGE STATEMENT

74. Plaintiff, on behalf of himself, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth

herein.

75. Defendants have willfully failed to supply the Plaintiff with a wage statement as required by NYLL, Article 6, § 195, with each payment received, that properly notifies Plaintiff of his hourly pay rate and overtime rate.

76. Due to the Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants fifty dollars for each workday that the violations occurred or continue to occur, up to a maximum of $5,000.00 per employee, as provided for by NYLL, Article 6 §§ 190 *et seq.*, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## EIGHTH CAUSE OF ACTION
## CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS UNDER 26 U.S.C. §7434(a)

77. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

78. By failing to provide Plaintiff and Collective Action Members with accurate IRS Forms W-2 for all of the tax years during which they were employed by Defendants, and failing to properly record, account for, and report to the IRS all monies paid to Plaintiff as compensation for all of the work performed during the course of employment with the Defendants, and failing to properly report employee income and withhold amounts listed on W-2 forms as monies withheld, Defendants filed fraudulent information returns with the IRS, in violation of 26 U.S.C. §7434.

79. Under the Internal Revenue Code, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such person

may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff on behalf of himself and all other similarly situated Collective Action Members, respectfully requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and his counsel to represent the Collective Action Members;

b. An order tolling the statute of limitations;

c. A declaratory judgment that the practices complained of herein are unlawful under applicable federal and state law;

d. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e. An award of compensatory damages as a result of Defendants' failure to pay minimum wage pursuant to the FLSA, NYLL and supporting regulations;

f. An award of compensatory damages as a result of Defendants' failure to pay overtime compensation pursuant to the FLSA, NYLL and supporting regulations;

g. An award of actual and liquidated damages for the non-payment of spread-of-hours

      pay for each split shift and/or shift worked in New York in excess of ten hours;

h. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage, overtime compensation and spread of hours premium pursuant to the FLSA and NYLL;

i. An award of statutory damages of $5,000.00 per Plaintiff to failure to provide a proper wage notice upon hire or annually;

j. An award of statutory damages of $5,000.00 per Plaintiff for failure to provide proper wage statements with each payment received;

k. An award of civil damages for Defendants' fraudulent filing of information returns;

l. An award of prejudgment and post-judgment interest;

m. An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

n. Such other relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the FRCP, Plaintiffs demand a trial by jury.

Dated: February 5, 2020
New York, New York

                                                      Respectfully submitted,

                                                      **Akin Law Group PLLC**

                                                      */s/ Robert D. Salaman*
                                                      _____
                                                      Robert D. Salaman
                                                      45 Broadway, Suite 1420
                                                      New York, NY 10006
                                                      (212) 825-1400
                                                      rob@akinlaws.com

                                                      *Counsel for Plaintiff and*
                                                      *FLSA Collective Plaintiffs*